**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**MABEL CROCKETT**, *et al.*,

      **Plaintiffs,**

**v.**                                **Civil Action No. 3:13-cv-00254-JRS**

**CAVALRY PORTFOLIO**
**SERVICES, LLC,** *et al.*,

      **Defendants.**

## ANSWER

Defendants, Cavalry Portfolio Services, LLC ("CPS"), Cavalry Investments, LLC ("Cavalry Investments"), Cavalry SPV I, LLC ("SPV I") and Cavalry SPV II, LLC ("SPV II") (collectively, "Defendants"), by counsel, state as follows for their Answer to the Complaint filed by Plaintiffs Mabel Crockett, Brenda Arnold, Constance Smith, John Hughes, and Martha Hughes (collectively, "Plaintiffs"):

1.     Defendants admit that Plaintiffs have instituted the above-captioned action by way of a Complaint, which purports to state causes of action under the Fair Debt Collection Practices Act, the Racketeer Influenced and Corrupt Organizations Act, and a claim for abuse of process under Virginia law. Defendants deny all other allegations in Paragraph 1 of the Complaint, and deny that Plaintiffs have stated any viable claim against Defendants.

## JURISDICTION[1]

2.     Paragraph 2 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny same.

---

[1] Defendants reproduce the headings found in the Complaint for ease of reference, but hereby deny any allegations, express or implied, found in these headings.

3.      Defendants lack sufficient information to evaluate the truth of the allegations in Paragraph 3 of the Complaint, and therefore, must deny same.

4.      Defendants admit that CPS is a Delaware limited liability company with its principal place of business in Valhalla, New York.  The second sentence of Paragraph 4 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny same.  Defendants deny all other allegations in Paragraph 4 of the Complaint.

5.      Defendants admit that Cavalry Investments is a Delaware limited liability company with its principal place of business in Valhalla, New York.  The second sentence of Paragraph 5 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny same.  Defendants deny all other allegations in Paragraph 5 of the Complaint.

6.      Defendants admit that SPV I is a Delaware limited liability company with its principal place of business in Valhalla, New York.  The second sentence of Paragraph 6 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny same.  Defendants deny all other allegations in Paragraph 6 of the Complaint.

7.      Defendants admit that SPV II is a Delaware limited liability company with its principal place of business in Valhalla, New York.  The second sentence of Paragraph 7 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny same.  Defendants deny all other allegations in Paragraph 7 of the Complaint.

## STATEMENT OF FACTS

8.      Defendants deny the allegations in Paragraph 8 of the Complaint.

9.      Defendants deny the allegations in Paragraph 9 of the Complaint.

10.     Defendants admit the truth of the allegations in Paragraph 10 of the Complaint.

11.     Defendants deny the allegations in Paragraph 11 of the Complaint.

12.     Defendants deny the allegations in Paragraph 12 of the Complaint.

13.     Defendants admit that SPV I and SPV II purchase debt portfolios.  Defendants admit that CPS has employees and at times performs debt collection services for SPV I and SPV II, and that Cavalry Investments, SPV I and SPV II have no employees.  Defendants deny all other allegations in Paragraph 13 of the Complaint.

14.     Paragraph 14 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny same.

15.     Paragraph 15 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny same.

16.     The first sentence of Paragraph 16 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny same.  Defendants deny the allegations in the second and third sentences of Paragraph 16 of the Complaint.  Defendants admit that SPV I and SPV II are entitled to collect on certain accounts, and they are named plaintiffs in certain collection actions related to such accounts, but Defendants deny all remaining allegations in the fourth sentence of Paragraph 16 of the Complaint.  Defendants admit that SPV I and SPV II use the mails when collecting certain debts, but the remaining allegations in the fifth sentence of Paragraph 16 of the Complaint are legal conclusions, to which no response is required.  To the extent a response is required to the

3

remaining allegations in the fifth sentence of Paragraph 16 of the Complaint, Defendants deny same.  Defendants deny all other allegations in Paragraph 16 of the Complaint.

17.    Defendants admit that CPS deals directly with some consumers and interacts with law firms, including law firms that represent SPV I and SPV II. Defendants admit that CPS uses the mails when involved in collecting certain debts.  The allegation that CPS' work and tasks require the use of interstate commerce states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny same.  Defendants deny all remaining allegations in Paragraph 17 of the Complaint.

**Defendants' Debt Buying Operation**

18.    Defendants deny the allegations in Paragraph 18 of the Complaint.

19.    Defendants deny the allegations in Paragraph 19 of the Complaint.

20.    Defendants deny the allegations in Paragraph 20 of the Complaint.

21.    Defendants deny the allegations in Paragraph 21 of the Complaint.

**Defendants' Fraudulent Conduct**

22.    Defendants admit that the services of multiple law firms are retained to pursue debt collection efforts on behalf of SPV I and SPV II.  Defendants deny all other allegations in Paragraph 22 of the Complaint.

23.    Defendants deny the allegations in Paragraph 23 of the Complaint.

24.    Defendants deny the allegations in Paragraph 24 of the Complaint.

25.    Defendants deny the allegations in Paragraph 25 of the Complaint.

26.    Defendants deny the allegations in Paragraph 26 of the Complaint.

27.    Defendants deny the allegations in Paragraph 27 of the Complaint.

28.     Defendants lack sufficient information to evaluate the truth of the allegations in Paragraph 28 of the Complaint, and therefore, must deny same.

29.     Defendants deny the allegations in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint.

31.     Defendants admit that, as part of filing and service of a formal pleading, affidavits and other documents supporting debt collection suits instituted by SPV I and SPV II are filed in General District Courts and mailed to consumers.  Defendants deny all remaining allegations in Paragraph 31 of the Complaint.

**Defendants' Specific Collection Conduct Regarding Mabel Crockett**

32.     The allegations in Paragraph 32 reference purported allegations previously made by one or more Defendants in a pleading from another case, which speaks for itself.  To the extent a response is required, Defendants deny the allegations in Paragraph 32 to the extent they depart from the language contained in such pleadings.  Defendants deny all other allegations in Paragraph 32 of the Complaint.

33.     Defendants admit that SPV I, as assignee of HSBC Bank Nevada, N.A. / Orchard Bank, filed a Warrant in Debt in Prince George County General District Court naming Plaintiff Crockett as a defendant.  Defendants deny all other allegations in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations in Paragraph 34 of the Complaint.

35.     The allegations in Paragraph 35 reference a document, which speaks for itself.  To the extent a response is required, Defendants deny the allegations in Paragraph 35 to the extent they depart from the language contained in the document.

36.     The allegations in Paragraph 36 reference a document, which speaks for itself.  To the extent a response is required, Defendants deny the allegations in Paragraph 36 to the extent they depart from the language contained in the document.

37.     Defendants admit that, as part of filing and service of a formal pleading, affidavits and other documents supporting SPV I's debt collection suits are filed in General District Courts and mailed to consumers, including to Plaintiff Crockett.   Defendants deny all remaining allegations in Paragraph 37 of the Complaint.

38.     The allegations in Paragraph 38 reference documents, which speak for themselves.  To the extent a response is required, Defendants deny the allegations in Paragraph 38 to the extent they depart from the language contained in the documents.

39.     Defendants deny the allegations in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations in Paragraph 40 of the Complaint.

**Defendants' Specific Collection Conduct Regarding Brenda Arnold**

41.     The allegations in Paragraph 41 reference purported allegations previously made by one or more Defendants in a pleading from another case, which speaks for itself.  To the extent a response is required, Defendants deny the allegations in Paragraph 41 to the extent they depart from the language contained in such pleadings.

42.     Defendants admit that SPV I, as assignee of Washington Mutual Bank, filed a Warrant in Debt in Prince George County General District Court naming Plaintiff Arnold as a defendant.  Defendants deny all other allegations in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations in Paragraph 43 of the Complaint.

44.     The allegations in Paragraph 44 reference a document, which speaks for itself.  To the extent a response is required, Defendants deny the allegations in Paragraph 44 to the extent they depart from the language contained in the document.

45.     The allegations in Paragraph 45 reference documents, which speak for themselves.  To the extent a response is required, Defendants deny the allegations in Paragraph 45 to the extent they depart from the language contained in the documents.

46.     The allegations in Paragraph 46 reference documents, which speak for themselves.  To the extent a response is required, Defendants deny the allegations in Paragraph 46 to the extent they depart from the language contained in the documents.

47.     The allegations in Paragraph 47 reference documents, which speak for themselves.  To the extent a response is required, Defendants deny the allegations in Paragraph 47 to the extent they depart from the language contained in the documents.

48.     Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Complaint.

**Defendants' Specific Collection Conduct Regarding Constance Smith**

50.     The allegations in Paragraph 50 reference purported allegations previously made by one or more Defendants in a pleading from another case, which speaks for itself.  To the extent a response is required, Defendants deny the allegations in Paragraph 50 to the extent they depart from the language contained in such pleadings.  Defendants deny all other allegations in Paragraph 50 of the Complaint.

51.     Defendants admit that SPV I, as assignee of HSBC Bank Nevada, N.A. / Orchard Bank, filed a Warrant in Debt in Spotsylvania County General District Court naming Plaintiff Smith as a defendant.  Defendants deny all other allegations in Paragraph 51 of the Complaint.

7

52.     Defendants deny the allegations in Paragraph 52 of the Complaint.

53.     The allegations in Paragraph 53 reference a document, which speaks for itself.  To the extent a response is required, Defendants deny the allegations in Paragraph 53 to the extent they depart from the language contained in the document.

54.     Defendants deny the allegations in Paragraph 54 of the Complaint.

55.     The allegations in Paragraph 55 reference a document, which speaks for itself.  To the extent a response is required, Defendants deny the allegations in Paragraph 55 to the extent they depart from the language contained in the document.

56.     Defendants admit that, as part of filing and service of a formal pleading, affidavits and other documents supporting SPV I's debt collection suits are filed in General District Courts and mailed to consumers, including to Plaintiff Smith.  Defendants deny all remaining allegations in Paragraph 56 of the Complaint.

57.     The allegations in Paragraph 57 reference documents, which speaks for themselves.  To the extent a response is required, Defendants deny the allegations in Paragraph 57 to the extent they depart from the language contained in the documents.

58.     Defendants deny the allegations in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations in Paragraph 59 of the Complaint.

**Defendants' Specific Collection Conduct Regarding John Hughes**

60.     The allegations in Paragraph 60 reference purported allegations previously made by one or more Defendants in a pleading from another case, which speaks for itself.  To the extent a response is required, Defendants deny the allegations in Paragraph 60 to the extent they depart from the language contained in such pleadings.  Defendants deny all other allegations in Paragraph 60 of the Complaint.

61.     Defendants admit that SPV I, as assignee of Wells Fargo Bank, N.A., filed a Warrant in Debt in Charlotte County General District Court naming Plaintiff John Hughes as a defendant.  Defendants deny all other allegations in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations in Paragraph 62 of the Complaint.

63.     The allegations in Paragraph 63 reference a document, which speaks for itself.  To the extent a response is required, Defendants deny the allegations in Paragraph 63 to the extent they depart from the language contained in the document.

64.     Defendants deny the allegations in Paragraph 64 of the Complaint.

65.     The allegations in Paragraph 65 reference a document, which speaks for itself.  To the extent a response is required, Defendants deny the allegations in Paragraph 65 to the extent they depart from the language contained in the document.

66.     Defendants admit that, as part of filing and service of a formal pleading, affidavits and other documents supporting Defendant SPV I's debt collection suits are filed in General District Courts and mailed to consumers, including to Plaintiff John Hughes.  Defendants deny all remaining allegations in Paragraph 66 of the Complaint.

67.     The allegations in Paragraph 67 reference documents, which speaks for themselves.  To the extent a response is required, Defendants deny the allegations in Paragraph 67 to the extent they depart from the language contained in the documents.

68.     Defendants deny the allegations in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations in Paragraph 69 of the Complaint.

70.     The allegations in Paragraph 70 reference documents, which speak for themselves.  To the extent a response is required, Defendants deny the allegations in Paragraph 70 to the extent they depart from the language contained in the documents.

71.     Paragraph 71 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny same to the extent the allegations misstate the law.

72.     Defendants deny the allegations in Paragraph 72 of the Complaint.

**Defendants' Specific Collection Conduct Regarding Martha Hughes**

73.     The allegations in Paragraph 73 reference purported allegations previously made by one or more Defendants in a pleading from another case, which speaks for itself.  To the extent a response is required, Defendants deny the allegations in Paragraph 73 to the extent they depart from the language contained in such pleadings.  Defendants deny all other allegations in Paragraph 73 of the Complaint.

74.     Defendants admit that Defendant SPV I, as assignee of HSBC Bank Nevada, N.A. / Orchard Bank, filed a Warrant in Debt in Charlotte County General District Court naming Plaintiff Martha Hughes as a defendant.  Defendants deny all other allegations in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations in Paragraph 75 of the Complaint.

76.     The allegations in Paragraph 76 reference a document, which speaks for itself.  To the extent a response is required, Defendants deny the allegations in Paragraph 76 to the extent it departs from the language contained in the document.

77.     The allegations in Paragraph 77 reference a document, which speaks for itself.  To the extent a response is required, Defendants deny the allegations in Paragraph 77 to the extent it departs from the language contained in the document.

78.     Defendants admit that, as part of filing and service of a formal pleading, affidavits and other documents supporting Defendant SPV I's debt collection suits are filed in General

District Courts and mailed to consumers, including to Plaintiff Martha Hughes.  Defendants deny all remaining allegations in Paragraph 78 of the Complaint.

79.     The allegations in Paragraph 79 reference documents, which speaks for themselves.  To the extent a response is required, Defendants deny the allegations in Paragraph 79 to the extent they depart from the language contained in the documents.

80.     Defendants deny the allegations in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations in Paragraph 81 of the Complaint.

## COUNT ONE

82.     Defendants restate their responses to each of the preceding paragraphs as if set forth at length herein.

83.     Defendants deny the allegations in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations in Paragraph 85 of the Complaint.

## COUNT TWO

86.     Defendants restate their responses to each of the preceding paragraphs as if set forth at length herein.

87.     Defendants deny the allegations in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations in Paragraph 89 of the Complaint.

## COUNT THREE

90.     Defendants restate their responses to each of the preceding paragraphs as if set forth at length herein.

91.     Defendants deny the allegations in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations in Paragraph 93 of the Complaint.

## COUNT FOUR

94.     Defendants restate their responses to each of the preceding paragraphs as if set forth at length herein.

95.     Defendants deny the allegations in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations in Paragraph 97 of the Complaint.

## COUNT FIVE

98.     Defendants restate their responses to each of the preceding paragraphs as if set forth at length herein.

99.     Defendants deny the allegations in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations in Paragraph 101 of the Complaint.

## COUNT SIX

102.    Defendants restate their responses to each of the preceding paragraphs as if set forth at length herein.

103.    Defendants admit that Plaintiffs were sent documents entitled "Affidavit of Claim" that were part of formal pleadings filed in General District Court, and that these formal pleadings were served upon Plaintiffs by law enforcement.  Defendants deny all other allegations in Paragraph 103 of the Complaint.

104.    Defendants admit that Plaintiffs were sent documents supporting the debt collection claims made against them, which were part of formal pleadings filed in General

District Court, and that these formal pleadings were served upon Plaintiffs by law enforcement. Defendants deny all other allegations in Paragraph 104 of the Complaint.

     105.    Defendants deny the allegations in Paragraph 105 of the Complaint.

     106.    Defendants deny the allegations in Paragraph 106 of the Complaint.

     107.    Defendants deny the allegations in Paragraph 107 of the Complaint.

## COUNT SEVEN

     108.    Defendants restate their responses to each of the preceding paragraphs as if set forth at length herein.

     109.    Defendants deny the allegations in Paragraph 109 of the Complaint.

     110.    Defendants deny the allegations in Paragraph 110 of the Complaint.

     111.    Defendants deny the allegations in Paragraph 111 of the Complaint.

## COUNT EIGHT

     112.    Defendants restate their responses to each of the preceding paragraphs as if set forth at length herein.

     113.    Defendants deny the allegations in Paragraph 113 of the Complaint.

     114.    Defendants deny the allegations in Paragraph 114 of the Complaint.

     115.    Defendants deny the allegations in Paragraph 115 of the Complaint.

## COUNT NINE

     116.    Defendants restate their responses to each of the preceding paragraphs as if set forth at length herein.

     117.    Defendants deny the allegations in Paragraph 117 of the Complaint.

     118.    Paragraph 118 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny same.

119.     Defendants deny the allegations in Paragraph 119 of the Complaint.

120.     Defendants admit that CPS, from time to time, engages third party collection law firms.  Defendants further admit that affidavits signed by employees of one or more Defendants may be used in collection lawsuits, and that the originals of these affidavits may be sent to the third party collection law firms for use in filing lawsuits against debtors.  Defendants deny all other allegations in Paragraph 120 of the Complaint.

121.     Defendants deny the allegations in Paragraph 121 of the Complaint.

122.     Paragraph 122 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny same.

123.     Defendants deny the allegations in Paragraph 123 of the Complaint.

124.     Paragraph 124 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny same.

125.     Paragraph 125 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny same.

126.     Defendants lack sufficient information to evaluate the truth of the allegations in Paragraph 126 of the Complaint, and therefore, must deny same.

127.     Defendants deny the allegations in Paragraph 127 of the Complaint.

128.     Defendants deny the allegations in Paragraph 128 of the Complaint.

129.     Defendants deny the allegations in Paragraph 129 of the Complaint.

130.     Defendants deny the allegations in Paragraph 130 of the Complaint.

131.     Defendants deny the allegations in Paragraph 131 of the Complaint.

132.     Defendants deny the allegations in Paragraph 132 of the Complaint.

133.     Defendants deny the allegations in Paragraph 133 of the Complaint.

134.     Defendants deny the allegations in Paragraph 134 of the Complaint.

135.     Defendants deny the allegations in Paragraph 135 of the Complaint.

136.     Defendants deny the allegations in Paragraph 136 of the Complaint.

## COUNT TEN

137.     Defendants restate their responses to each of the preceding paragraphs as if set forth at length herein.

138.     Defendants deny the allegations in Paragraph 138 of the Complaint.

139.     Defendants deny the allegations in Paragraph 139 of the Complaint.

140.     Defendants deny the allegations in Paragraph 140 of the Complaint.

141.     In response to the unnumbered "WHEREFORE" paragraph directly following Paragraph 140, Defendants state that Plaintiffs are entitled to no relief whatsoever and that Plaintiffs have not been damaged in anyway by Defendants.

142.     All allegations not expressly admitted herein are denied.

## AFFIRMATIVE AND OTHER DEFENSES

143.     Plaintiffs' Complaint, or portions thereof, fail to state a claim upon which relief may be granted.

144.     Plaintiffs' Complaint fails to state a claim for the reasons set forth in Defendants' Motion to Dismiss and supporting memorandum.

145.     Plaintiffs' Complaint, or portions thereof, should be dismissed for lack of subject matter jurisdiction under the Rooker-Feldman doctrine.

146.     The Complaint is barred, in whole or in part, to the extent that Plaintiffs lack standing.

147. Plaintiffs' Complaint, or portions thereof, should be dismissed for lacking causations.

148. Any alleged damages suffered by Plaintiffs are the result of their own conduct and/or the actions of other individuals or entities over which Defendants have no control.

149. Plaintiffs' claims are subject to the defenses of setoff and recoupment.

150. Defendants reserve the right to compel arbitration as agreed to in the contracts between cardholders and creditors.

151. Plaintiffs' claims should be dismissed because Defendants did not violate any provisions of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

152. Plaintiffs' Complaint, or portions thereof, should be dismissed because the claims made therein are time-barred by the applicable statute(s) of limitations.

153. Plaintiffs' Complaint, or portions thereof, should be dismissed under the doctrines of judicial estoppel, collateral estoppel and/or *res judicata*.

154. Plaintiffs' claims should be dismissed because any alleged violations of the FDCPA by Defendants was the result of a *bona fide* error, was unintentional, and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

155. Plaintiffs' claims fail to the extent that Defendants' actions were authorized by Virginia or federal law.

156. Plaintiffs' claims fail to the extent that Defendants' actions were authorized by the terms of the underlying agreements creating the debts.

157. Plaintiffs' claims fail to the extent that the means employed by Defendants to collect the debts at issue were fair, conscionable, and legally permissible.

158.   Plaintiffs' claims fail to the extent that Defendants' representations to Plaintiffs were truthful.

159.   Plaintiffs' claims fail to the extent that Defendants' purported damages were the direct and proximate result of the conduct of Plaintiffs or others over whom Defendants had neither control nor responsibility.

160.   Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to mitigate their alleged damages.

161.   Plaintiffs fail to allege facts that would support a finding that any of the Defendants may be held liable for any alleged wrongdoing of any other Defendant.

162.   Plaintiffs' claims for abuse of process are barred, in whole or in part, by the doctrines of absolute and/or qualified privilege.

163.   Defendants reserve the right to amend or supplement the foregoing responses and/or assert additional affirmative defenses at a later date following discovery and investigation.

WHEREFORE, Defendants Cavalry Portfolio Services, LLC, Cavalry Investments, LLC, Cavalry SPV I, LLC and Cavalry SPV II, LLC respectfully request that the Court dismiss Plaintiffs' Complaint [Doc. No. 1] and all claims therein with prejudice and to render judgment in favor of Defendants on each and every claim and request for relief in Plaintiffs' Complaint, denying all relief sought by Plaintiffs, and that Defendants be awarded their costs expended in defending this action, and for such other and further relief as the Court deems appropriate.

**CAVALRY PORTFOLIO SERVICES, LLC,**
**CAVALRY INVESTMENTS, LLC**
**CAVALRY SPV I, LLC**
**CAVALRY SPV II, LLC**


By:/s/ Nicholas R. Klaiber
David N. Anthony (VSB No. 31696)
Alan D. Wingfield (VSB No. 27489)
Nicholas R. Klaiber (VSB No. 80563)
*Attorneys for Cavalry Portfolio Services, LLC,*
*Cavalry Investments, LLC, Cavalry SPV I, LLC*
*and Cavalry SPV II, LLC*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutmansanders.com
alan.wingfield@troutmansanders.com
nicholas.klaiber@troutmansanders.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 14th day of October, 2013, I electronically filed the foregoing using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Casey Shannon Nash
Consumer Litigation Associates PC
1800 Diagonal Rd., Suite 600
Alexandria, VA 22314
Telephone: 703-273-7700
Facsimile: 1-888-892-3512
Email: casey@clalegal.com
*Counsel for Plaintiff*

Matthew James Erausquin
Consumer Litigation Associates PC
1800 Diagonal Rd., Suite 600
Alexandria, VA 22314
Telephone: 703-273-6080
Facsimile: 888-892-3512
Email: matt@clalegal.com
*Counsel for Plaintiff*

/s/ Nicholas R. Klaiber
David N. Anthony (VSB No. 31696)
Alan D. Wingfield (VSB No. 27489)
Nicholas R. Klaiber (VSB No. 80563)
*Attorneys for Cavalry Portfolio Services, LLC,*
*Cavalry Investments, LLC, Cavalry SPV I, LLC*
*and Cavalry SPV II, LLC*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutmansanders.com
        alan.wingfield@troutmansanders.com
        nicholas.klaiber@troutmansanders.com

21268550v2